UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CAMERON BRETT BULLOCK,

    Plaintiff,

v.                                  Case No. 3:22cv7594-MCR-HTC

ESCAMBIA COUNTY JAIL,

    Defendant.
_____/

REPORT AND RECOMMENDATION

Plaintiff Cameron Brett Bullock, proceeding *pro se*, initiated this action more than three months ago by filing a civil rights complaint purporting to bring claims under 42 U.S.C. § 1983. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon review, the undersigned recommends the action be dismissed without prejudice for Plaintiff's failure to follow orders of the Court, failure to prosecute, and failure to pay the initial partial filing fee.

On July 25, 2022, the Court granted Plaintiff's second motion to proceed *in forma pauperis* and ordered Plaintiff to pay a $7.20 initial partial filing fee by August 15, 2022. ECF Doc. 7. Plaintiff did not comply with, or otherwise respond to, the

Order.  On August 23, 2022, the Court gave Plaintiff fourteen (14) days to show cause why the case should not be recommended for dismissal for failure to comply with Court orders.  ECF Doc. 8.  Plaintiff did not respond and has not communicated with the Court in any way since July 19, 2022.

Dismissal under these circumstances is appropriate.  *See e.g., Frith v. Curry*, 812 F. App'x 933, 935 (11th Cir. 2020) ("Because Frith did not respond despite two warnings from the court that a failure to comply could result in the dismissal of his complaint, the district court properly exercised its discretion in dismissing the complaint.").  As the Eleventh Circuit has stated, a "district court need not tolerate defiance of reasonable orders."  *Brown v. Blackwater River Corr. Facility,* 762 F. App'x 982, 985 (11th Cir. 2019) (affirming dismissal for failure to pay the partial filing fee despite show cause orders) (citing *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.,* 556 F. 3d 1232, 1241 (11th Cir. 2009)).

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion."  *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).  This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders.  *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Indeed, a "court may dismiss an action *sua sponte* under [Federal Rule of Civil Procedure 41(b)] for failure to prosecute or failure to obey a court order." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citations omitted).

Dismissal is also appropriate for failure to prosecute. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute, failure to comply with a Court order, and failure to pay the initial partial filing fee.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 14th day of September, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.